IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHARLES NIEDERSTADT,

    Plaintiff,

v.                                No. CV 15-0381 RB/CEG

VILLAGE OF CAPITAN, et al.,

    Defendants.

MEMORANDUM OPINION AND ORDER
TO PAY FILING FEE OR SHOW CAUSE

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2), (g) and rule 12(b)(6) of the Federal Rules of Civil Procedure on Plaintiff's civil rights complaint. Plaintiff was incarcerated when he filed this complaint, he appears pro se, and has moved for leave to proceed in forma pauperis ("IFP"). For reasons set out below, Plaintiff's IFP motion will be denied.

The provisions of 42 U.S.C. § 1915(g) prohibit a prisoner from proceeding in forma pauperis if three or more previous complaints by the prisoner have been dismissed as frivolous or for failure to state a claim. The pertinent subsection reads:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . that was dismissed on the grounds that it is frivolous . . . or fails to state a claim . . . , unless the prisoner is under imminent danger of serious physical injury.

§ 1915(g). "Our determination that a particular dismissal constitutes a strike is not formalistic or mechanical; rather, we must consider the nature of the dismissal and, if the district court did not make it clear, whether the dismissal fits within the language of § 1915(g)." *Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1178 (10th Cir. 2010). "[D]ismissal based on lack of

exhaustion . . . may constitute a strike for purposes of 28 U.S.C. § 1915(g)." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-1213 (10th Cir. 2003) (citing *Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 778-81 (10th Cir. 1999)). And "a . . . strike [may be] based on the district court's partial dismissal of two counts for failure to state a claim." *Thomas v. Parker*, 672 F.3d 1182, 1183-84 (10th Cir. 2012); *and see Green v. Nottingham*, 90 F.3d 415, 418 (10th Cir. 1996) ("court may take judicial notice of the prior litigation.").

The Court had dismissed at least three of Plaintiff's previous complaints before he initiated the instant action, and he was incarcerated when he filed each of his complaints. In *Niederstadt v. Peralta*, No. CV 11-0088 JB/KBM (Doc. 5), the Court dismissed Plaintiff's complaint for failure to state claims against the defendants. In *Niederstadt v. Peralta*, No. CV 13-0181 LH/CEG (Doc. 4), the Court dismissed Plaintiff's complaint without prejudice and warned him that further frivolous filings could result in filing restrictions. And in *Niederstadt v. Town of Carrizozo*, No. CV 13-0346 KG/KBM (Doc. 14), the Court dismissed Plaintiff's complaint as untimely filed. *See Jones v. Bock,* 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *and see Palmer v. Dep't of Corr.,* No. 06 Civ. 2873(PAC)(KNF), 2007 WL 4258230, *6 (S.D.N.Y. Dec. 4, 2007) ("inasmuch as [an earlier complaint] was dismissed based on the expiration of the applicable statute of limitations, that dismissal counts as a strike, for the purpose of Section 1915(g)."). Each of the referenced dismissals clearly "fits within the language of § 1915(g)," *Hafed v. Federal Bureau of Prisons*, 635 F.3d at 1178, and thus each counts as a strike. Plaintiff's current complaint does not allege that he "is under imminent danger of serious physical injury." § 1915(g).

According to the terms of § 1915(g), the referenced prior dismissals of Plaintiff's

complaints prevent him from proceeding in forma pauperis in this action. He must pay the filing fee, *see Pigg v. FBI*, 106 F.3d 1497, 1497 (10th Cir. 1997), or show cause why his complaint should not be dismissed, *see Owens-El v. United States*, 49 F. App'x 247, 249 (10th Cir. 2002). Failure to adequately respond to this Order may result in dismissal of Plaintiff's complaint.

IT IS THEREFORE ORDERED that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 6) is DENIED, and, within fourteen (14) days from entry of this Order, Plaintiff must pay the statutory filing fee of $400.00 or show cause, if any, why the Court should not dismiss his complaint.

_____
UNITED STATES DISTRICT JUDGE